ELECTRONICALLY FILED
Van Buren County Circuit Court
Debbie Gray, Circuit Clerk
2023-Feb-01  08:48:41
71CV-23-24
C20D01 : 7 Pages

## IN THE CIRCUIT COURT OF VAN BUREN COUNTY, ARKANSAS
## CIVIL DIVISION

**MARTIN NOAH BOLTZ**                                              **PLAINTIFF**

**VS.**                              **NO. _____**

**TRACTOR SUPPLY COMPANY**                                         **DEFENDANT**

### COMPLAINT

Comes now the Plaintiff, Martin Noah Boltz (hereinafter "Plaintiff"), by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint, states as follows:

### I. RESIDENCY & PARTIES

1. Plaintiff at the time of the events alleged below resided in Clinton, Van Buren County, Arkansas.

2. Defendant Tractor Supply Company is a foreign corporation with a principal place of business at 100 West Tenth Street, Wilmington, DE 19801. Defendant Tractor Supply Company's registered agent for service of process is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

EXHIBIT B

1

3. The incident giving rise to this cause of action is negligence that occurred on the Defendant's property in Clinton, Arkansas, on October 16, 2021.

## II. JURISDICTION & VENUE

4. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

5. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. FACTS

6. Tractor Supply Company holds itself out as the largest rural lifestyle retailed in the United States. The Company operates 2,027 tractor supply stores in 49 states, as of September 2022.

7. Tractor Supply Company had sales of $12.73 billion in 2021.

8. On or about October 16, 2021, Plaintiff was a customer on the premises of Tractor Supply Company, 210 Highway 65 South, Clinton, Arkansas, 72031.

9. Defendant operates a commercial retail business outlet at that address.

    d. Failed to take reasonably steps to protect customers from injury; and

    e. Knew of should have known of the danger presented by an improperly secured or damaged trailer with invitees such as Plaintiff.

16. That the Defendant was negligent in the following particulars:

    a. Through the doctrine of respondeat superior, the negligence of the Defendant Store Employee(s) as plead herein, who at all times was acting with the course and scope of his duties for Defendant, is imputed to Defendant.

    b. For its own negligence independent of the negligence of its store employee(s), in the following particulars:  i. failure of the Defendant Company to have adequate policies and/or enforce the same, to ensure that invitees such as Plaintiff are not exposed to unreasonably unsafe conditions on the property owned and maintained by the Defendant; ii. Breach of the duty to exercise ordinary care to maintain the premises and equipment used by the Defendant on its premises in a reasonably safe condition for the benefit of invitees such as Plaintiff; iii. Failure to exercise proper control over Defendant Store Employee(s) such that an unreasonably unsafe condition was not prevented, and thus failed to exercise the ordinary care a reasonably prudent employer

10. On or about October 16, 2021, Plaintiff was invited onto the premises by Defendant for its commercial purposes.

11. While shopping, Defendant's employee, acting within the scope and course of his employment, opened a trailer to remove haybales in the parking lot.

12. In opening the trailer doors, Defendant's employee did not secure the trailer doors.

13. The unsecured trailer doors swung around and slammed against Plaintiff multiple times, pinning him between the door and the trailer of the truck.

14. As a result of this incident, Plaintiff has sustained personal injuries and damages.

## IV. CAUSE OF ACTION NO. ONE – NEGLIGENCE

15. That Defendant store employee(s), who was at all times acting within the course and scope of his duties as an agent of Defendant, was negligent in the following particulars:

   a. Failed to exercise the ordinary care that the reasonably prudent person would exercise under similar circumstances;

   b. Failed to maintain a proper lookout;

   c. Failed to properly maintain control of the equipment he was using;

should have exercised over its employee(s); and iv. Failed to use ordinary care to maintain the premises in a reasonably safe manner.

17. Defendants' negligence consisted of, but was not limited to, the following acts and omissions:

    a. Defendant did not correct or otherwise provide proper warnings of a known hazard;

    b. Failed to maintain the trailer, its locking mechanism, or working parks in a reasonably safe condition;

    c. Created or allowed a hazardous condition to be on its premises, in particular, the trailer;

    d. Failed to properly warn Plaintiffs of a hazardous condition, specifically that the trailer doors would malfunction;

    e. Failed to follow applicable laws, regulations, and standards concerning the trailer maintained by Defendant, and not providing a proper warning;

    g. Failing to anticipate that Plaintiffs would be exposed to the hazard created by the negligently maintained trailer and then act with ordinary care under the circumstances; and

    h. Failed to act with ordinary care under the circumstances.

### V. COUNT NO. 2 – NEGLIGENT HIRING, TRAINING, AND SUPERVISING

18. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

19. Defendants had a duty to reasonably investigate, monitor, retain, supervise, and train its employees with respect to operating its equipment and

ensuring the safety of its customers.

20.     Defendant had a duty to provide policies and practices to ensure the safety of its customers. It chose or failed not to do proper hiring, training, supervising, and monitoring of its employees.

## VI. PROXIMATE CAUSATION

21.     Defendants' negligence in maintaining its premises and its equipment on its premises proximately caused it to malfunction which in turn proximately caused Plaintiffs' injuries and damages.

## VII. INJURIES & DAMAGES

22.     Plaintiffs suffered physical injuries and damages that were proximately caused by Defendants' negligence, all of which resulted in great pain and anguish, both mentally and physically. Accordingly, Plaintiff is entitled to the following damages:

   a.   The nature, extent, duration, and permanency of their injuries;

   b.   The full extent of the injuries they sustained;

   c.   The expense of their medical care, treatment, and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be experienced in the future;

   d.   Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future; and,

   e.   The value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

   f.   And the visible results of their injuries.

## VIII. DEMAND FOR JURY TRIAL

23.     Plaintiff hereby demands a trial by jury.

## IX. DEMAND & PRAYER

24.     The Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate them for their damages.

25.     Plaintiff demands judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which they may be entitled.

>                           Respectfully Submitted,
>
>                           Attorneys for Plaintiff
>
>
>                           By:   /s/ Denise Reid Hoggard
>                           Denise Reid Hoggard (Ark. Bar No. 84072)
>                           RAINWATER, HOLT & SEXTON, P.A.
>                           P.O. Box 17250
>                           Little Rock, AR  72222
>                           Telephone:   (501) 868-2500
>                           Telefax:     (501) 868-2508
>                           hoggard@rainform.com